IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARGUERITE SAVEDRA**

    **Plaintiff,**

v.                                             Case No. 13-CV-00220 LH-ACT

**BIO PAPPEL INTERNATIONAL, INC.,
LINDA RUSSELL, CLAUDE EARL
STECKER III, and JULIANNE BONNETT,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Bio Pappel International, Inc., Linda Russell, Claude Earl Stecker III, and Julianne Bonnett's Motion to Dismiss (Doc. 6), filed March 7, 2013.  The Defendants contend that Title VII does not allow for supervisor liability. Plaintiff Marguerite Savedra, proceeding pro se, failed to respond to Defendant's motion.  Because the Court agrees that Title VII liability does not apply to individuals, but to employers, and because Plaintiff failed to respond to Defendant's motion, the Court will grant the motion to dismiss.

**I.**    **Factual Background**

Plaintiff brought this suit alleging employment discrimination and retaliation under Title VII on February 7, 2013. Plaintiff was an employee of Bio Pappel International, Inc., from 1999 until 2011. Defendants Russell and Bonnett were Plaintiff's supervisors and Defendant Stecker was Plaintiff's human resources manager at Bio Pappel. Plaintiff seeks relief against the individual defendants as well as her employer.

**II.**    **Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2) "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Court can dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a plaintiff's complaint in ruling on a Rule 12(b)(6) motion, the Court must accept all well-pleaded allegations as true. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

### III.   Analysis

Title VII actions are against employers, not individuals. "Under long-standing circuit precedent, supervisors and other employees may not be held personally liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007). Plaintiff has not stated a claim upon which relief can be granted against Defendants Russell, Stecker, and Bonnett because individual employees are not liable under Title VII in their personal capacities. To the extent Plaintiff is bringing a claim against them in their official capacities, the Court will also dismiss any such claims as being duplicative. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (holding that a party may not maintain a Title VII suit against both an employer and supervisor in his official capacity "because effectively the corporation could be held liable twice for the same act") (quotation and citation omitted); *Land v. Midwest Office Tech., Inc.*, 979 F.Supp. 1344, 1348 (D. Kan. 1997) (holding that dismissal of Title VII official capacity claim against employee when employer is also a defendant "promotes judicial economy and efficiency" and "prevents the possibility of juror confusion") (internal quotations and citation omitted).

Local Civil Rule 7.1(b) of the United States District Court for the District of New Mexico empowers a district court to dismiss a complaint because the respondent's failure to serve a

timely response to a motion "constitutes consent to grant the motion." Plaintiff has not responded to Defendant's motion, so her failure to respond constitutes consent to grant the motion.

**IT IS THEREFORE ORDERED that** Defendants' Motion to Dismiss **(Doc 6)** is **GRANTED** and Plaintiff's claims against Defendants Russell, Stecker, and Bonnett are **DISMISSED WITH PREJUDICE**.

_____
SENIOR UNITED STATES DISTRICT JUDGE